UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN SABOVCIK and DOROTHY SABOVCIK, | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CAUSE NO. 2:08-CV-279RM ) |
| DANIEL CASTILLO, CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) ) ) ) ) |
| Defendants | ) |

## OPINION and ORDER

This cause is before the court on the motion of defendants Chicago Police Department and City of Chicago to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim. For the following reasons, the court GRANTS the defendants' motion IN PART.

### I. BACKGROUND

Plaintiffs John and Dorothy Sabovcik assert a federal claim against the defendants brought pursuant to 42 U.S.C. § 1983 and various state law claims. The Sabovciks allege that on or about September 6, 2007, Mr. Sabovcik was driving from his place of employment in Illinois to his home in Indiana. An unmarked 2006 Nissan SUV operated by the defendant Daniel Castillo approached him while he was still in Illinois. The Sabovciks contend that Mr.

Castillo was driving his vehicle at a high rate of speed and was pointing a handgun at Mr. Sabovcik. While trying to get away from Mr. Castillo, Mr. Sabovcik pulled into the toll booth entrance for the Indiana Toll Road in Hammond, Indiana; Mr. Castillo pulled up next to him, got out of his vehicle and pointed a gun at both Mr. Castillo and the toll booth operator. Mr. Sabovcik contends that Mr. Castillo touched him with his gun while yelling at him. Mr. Sabovcik was able to flee the scene when the toll booth gate opened. The complaint states that Mr. Castillo was charged with the criminal offense of pointing a loaded gun at Mr. Sabovcik.

Mr. Castillo is an officer with the Chicago Police Department. The complaint alleges that he was in plain clothes and didn't identify himself as a police officer at the time of the incident, but that Mr. Castillo was nevertheless acting within the scope of his duties as a Chicago Police Officer. The plaintiffs therefore contend that the City of Chicago is responsible for Mr. Castillo's actions. Mr. Sabovcik asserts a federal claim under § 1983 and state law claims of battery, intimidation, and intentional infliction of emotional distress. Mr. Sabovcik's wife, Dorothy Sabovcik, claims loss of consortium.

In response to the defendants' motion to dismiss, the Sabovciks attach a probable cause affidavit from an Indiana State Police detective who investigated this incident. Relying on the affidavit, the Sabovciks present further evidence that by his own admission, Mr. Castillo immediately identified himself to Mr. Sabovcik as a Chicago Police Officer and advised that he was about to place Mr. Sabovcik

2

under arrest by handcuffing him. According to the affidavit, Mr. Castillo also admitted that he and other officers often made stops in their own personal vehicles while out of uniform.

II. DISCUSSION

The municipal defendants first contend that the Chicago Police Department isn't a separate entity from the City of Chicago and so should be dismissed. They further contend that this court lacks personal jurisdiction over them because there is no respondent superior liability in § 1983 claims, so the jurisdictional requirement isn't met by Mr. Castillo's extraterritorial incursion into Indiana. The municipal defendants say that they haven't taken any actions in Indiana relating to the plaintiffs' claims, haven't conducted any business in Indiana, and haven't invoked the benefits and protections of Indiana law. Alternatively, they argue that the complaint doesn't state a claim for which relief can be granted because a municipality can't be held liable under § 1983 for individual employees' actions based purely on agency theory when there is no policy or practice by the municipality giving rise to a constitutional tort.

*Chicago Police Department*

The municipal defendants contend that the Chicago Police Department isn't a separate legal entity from the City of Chicago, and so isn't an appropriate party to this action. This court agrees. The Chicago Police Department doesn't enjoy a

legal existence independent of the City of Chicago and cannot be sued as a separate entity. *See* Averhart v. City of Chicago, 114 Fed. Appx. 246, 247 (7th Cir. 2004) (unreported) (*citing* Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir.1997)); *see also* Gutzwiller v. City of Chicago, No. 03-C-7598, 2004 WL 1595369, at *4 (N.D. Ill. 2004) (unreported). "[C]laims that a plaintiff may bring against the Chicago Police Department are properly lodged against the City of Chicago." Gutzwiller v. City of Chicago, 2004 WL 1595369, at *4. Accordingly, the Chicago Police Department is dismissed as a party defendant.

*Personal Jurisdiction*

Because 42 U.S.C. § 1983 is silent as to service of process, personal jurisdiction issues are "resolved under the laws of the state where the forum is located." Kinslow v. Pullara, 538 F.3d 687, 690 (7th Cir. 2008) (*citing* Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 108 (1987)). An Indiana state court has personal jurisdiction over a defendant when the exercise of jurisdiction comports with federal due process. LinkAmerica Corp. v. Cox, 857 N.E.2d 961, 966-9677 (Ind. 2006); IND. TRIAL RULE 4.4(A) ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States"). "Due process limits when a state may exercise personal jurisdiction over nonresident defendants." Jennings v. AC Hydraulic A/S, 383 F.3d 546, 549 (7th Cir. 2004) (citations omitted). This court therefore has jurisdiction so long as the plaintiffs can show that the municipal defendants had

4

sufficient minimum contacts with Indiana such that jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (citations omitted).

Specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state. *See* Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984). Jurisdiction may be based on even relatively modest contacts with the forum if they have a substantial connection to the plaintiff's action. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-476 (1985). Under the "effects doctrine," specific jurisdiction is appropriate when a defendant directs intentional, tortious actions at the forum state that harms a plaintiff in the forum state and the defendant knows that the plaintiff would be likely to suffer harm there. *See* Calder v. Jones, 465 U.S. 783, 789-790 (1984). "[T]he acts of an agent in a forum subject the principal to the personal jurisdiction of that forum state." Burkemper v. Waite, No. 2:05-CV-445, 2007 WL 781658, *4 (N.D. Ind. March 12, 2007) (unreported) (*citing* IDS Life Ins. Co. v. Sun Am. Life Ins. Co., 136 F.3d 537, 541 (7th Cir.1998)).

If the City of Chicago is responsible for the actions taken by Mr. Castillo, Mr. Castillo's contacts with Indiana in this case are sufficient to establish specific jurisdiction over the City. Stated differently, if the plaintiffs' complaint states a cause of action against the City of Chicago, the exercise of personal jurisdiction

over the City in a court sitting in Indiana comports with traditional notions of fair play and substantial justice.

*Standard Rule 12(b)(6) Motion*

The purpose of a motion to dismiss is to test the sufficiency of the complaint to state a claim upon which relief may be granted, not to decide the merits of the case. FED. R. CIV. P. 12(b)(6); *see also* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations and draw all inferences in the light most favorable to the nonmoving party. Gutierrez v. Peters, 111 F.3d 1364, 1368-1369 (7th Cir. 1997). A complaint generally must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007)(*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007)); *see also* FED. R. CIV. P. 8(a)(2).

Dismissal under Rule 12(b)(6) is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974 (2007). The plaintiffs must show through their allegations that "it is plausible, rather than merely speculative, that [they are] entitled to relief." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation mark and citation omitted); *see also* Bell Atl. Corp. v. Twombly,

6

127 S. Ct. at 1965-1966. A complaint must do more than merely "*avoid foreclosing possible bases for relief.*" Tamayo v. Blagojevich, 526 F.3d at 1084 (quotation omitted). It "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Id. (quotation omitted).

*Motion to Strike the Plaintiffs' Exhibit A*

The City of Chicago asks the court to strike Exhibit A attached to the plaintiffs' response brief because it isn't incorporated into the complaint and contradicts the allegations of the complaint in some respects. The City further contends that the document contains hearsay within hearsay and is inherently unreliable.

When deciding a motion to dismiss for failure to state a claim, the court is restricted to reviewing the complaint, any attached exhibits, and the supporting briefs. *See* Thompson v. Ill. Dept. of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). When evidence outside the pleadings is submitted with a motion to dismiss under Rule 12(b)(6), the court generally must either convert the motion into one for summary judgment under Rule 56 or exclude the documents attached to the motion to dismiss and continue under Rule 12(b)(6). *See* FED. R. CIV. PROC. 12(d); Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir.1998).

This court agrees with the City of Chicago that the affidavit must be excluded and declines to turn the defendants' motion to dismiss into one for

7

summary judgment. *See e.g.* Thompson v. Illinois Dept., 300 F.3d at 754 (holding that plaintiff wasn't entitled to have motion to dismiss converted into a motion for summary judgment when it was plaintiff and not defendant that introduced the new materials outside the pleadings).

*Municipal Liability under Section 1983*

A complaint under 42 U.S.C. § 1983 against a municipality must allege a constitutional deprivation by an official policy or custom; a municipality can't be liable under § 1983 on a *respondent superior* theory. Monell v. Dept. of Social Serv. of the City of New York, 436 U.S. 658, 691 (1978). Local governments aren't responsible under § 1983 for their workers' misconduct. *See* Estate of Sims v. County of Bureau, 506 F.3d 509, 514-515 (7th Cir. 2007). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible." Sumner v. Town of Converse, Ind., No. 3:07-CV-1, 2007 WL 1435535, at *3 (N.D. Ind. May 11, 2007) (unreported) (*citing* Monell, 436 U.S. at 694); Estate of Sims v. County of Bureau, 506 F.3d at 514-515 ("Unless there is an unconstitutional policy, there cannot be official-capacity liability; only individual-capacity liability is possible.").

Liability may attach to a local government if the plaintiff can demonstrate an official policy through:

> (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

Estate of Sims v. County of Bureau, 506 F.3d at 515 (citation omitted). Similarly, liability against a municipality may attach "if persuasive evidence is presented of a training policy or custom, or lack thereof, which reflects a showing of deliberate indifference on the part of a municipality to the constitutional rights of its inhabitants." Palmer v. Marion County, 327 F.3d 588, 597 (7th Cir. 2003) (*citing* City of Canton v. Harris, 489 U.S. 378, 389-392 (1989)). A plaintiff must allege not only that the official policy or custom caused the constitutional violation, but also that it was "the moving force" behind it. Estate of Sims v. County of Bureau, 506 F.3d at 514 (*citing* City of Canton v. Harris, 489 U.S. at 389). The first question this court must ask is "whether the complaint alleges a direct casual link between a policy or custom of the [municipality] and the alleged constitutional violations." Id. at 515.

The Sabovciks don't allege that there was an express policy or a widespread practice that caused Mr. Sabovcik's constitutional injury. Even the additional facts asserted in the plaintiffs' response brief would be insufficient to state a federal claim against the City of Chicago. That Mr. Castillo identified himself as a Chicago Police Officer, was about to place Mr. Sabovcik under arrest, and admitted that he and other officers often made stops in their own personal vehicles while out of uniform may be sufficient facts to support a claim based on

agency relationship, they are insufficient to establish that the Chicago Police Department had a policy or widespread practice that was the moving force behind the alleged constitutional violation. There is no allegation, or even suggestion, that the Sabovciks' injury was caused by the presence or lack of a training policy or custom. There is no allegation, or even suggestion, that Mr. Castillo was a person with final policymaking authority. The allegations of the Sabovciks' complaint are insufficient to state a claim against the municipal defendants under 42 U.S.C. § 1983.

*State Law Claims*

The Sabovciks also assert state law claims of battery, intimidation, and infliction of emotional distress against the City of Chicago based on the theory of respondent superior. Respondeat superior liability exists in Indiana tort law. It "creates liability for a principal where it would otherwise not exist." Perkins v. Lawson, 312 F.3d 872, 875-876 (7th Cir. 2002) (citation omitted). The Sabovciks' complaint alleges facts suggesting that Mr. Castillo wasn't acting in the course or scope of his employment as required to support a claim based on respondent superior liability, s*ee e.g.* Board of Sch. Comm'rs v. Pettigrew, 851 N.E.2d 326, 332 (Ind. Ct. App. 2006) — he was driving an unmarked car, he was wearing plain clothes, he never identified himself as a Chicago Police Officer, and he was acting outside of Illinois. Other allegations in the complaint, though, suggest that Mr. Castillo was acting within the scope of his employment. When the allegations are

10

taken in light most favorable to the Sabovciks, the complaint sets forth sufficient factual allegations to make a plausible, rather than merely speculative, showing that the Sabovciks are entitled to relief against the City of Chicago on their state law claims based on a theory of respondeat superior.

The plaintiffs allege in their complaint "[t]hat the City of Chicago is responsible [for] the actions if its employee, Daniel Castillo" and "[t]hat a Police Officer is considered on duty 24 hours and even though Daniel Castillo was in plain clothes he would still be considered to be acting in the scope of his duties as a Chicago Police Officer." (Plaintiffs' Complaint, ¶¶ 17-18). The court can't dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, plaintiffs have "nudged their claims across the line from conceivable to plausible." *See* Bell Atl. v. Twombly, 127 S. Ct. at 1974. "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Bell Atl. v. Twombly, 127 S.Ct. at 1969 n. 8. The Sabovciks' allegations in the complaint are sufficient to proceed forward against the City of Chicago as to their state law claims.

## III. CONCLUSION

For the reasons stated above, the court GRANTS the Chicago Police Department and the City of Chicago's motion to dismiss (document # 10) IN PART. The court dismisses the Chicago Police Department from this suit and dismisses

the Sabovciks' federal claims against the City of Chicago, but allows the case to proceed against the City of Chicago on the Sabovciks' state law claims.

Having decided the pending motions in this matter, the hearing scheduled for May 15, 2009 at 1:30 p.m. is hereby VACATED.

SO ORDERED.

ENTERED:   May 5, 2009

                                /s/ Robert L. Miller, Jr.
                              Chief Judge
                              United States District Court